Dear Mr. Kirkpatrick:
This opinion is in response to your question asking:
 "Is each voter of a nursing home district allowed to vote only for the director from his election district or for six directors, one from each district?"
You further state:
 "House Bill 971 and House Bill 1208 each containing section 198.280, relating to nursing home districts, were enacted during the last legislative session.
 "House Bill 971 provides that each voter of the district votes for all directors in the district.
 "House Bill 1208 provides that each voter votes only for the director for the voters' subdistrict."
Section 198.280 of House Bill 971 of the Second Regular Session, 79th General Assembly, provides:
 "1. After the nursing home district has been declared organized, the declaring county court shall divide the district into six election districts as equal in population as possible, and shall by lot number the districts from one to six inclusive. The county court shall cause an election to be held in the nursing home district within ninety days after the order establishing the nursing home district to elect nursing home district directors. Each voter shall vote for six directors, one from each district. The director elected from district number one shall serve a term of one year, the director elected from district number two shall serve a term of two years, the director elected from district number three shall serve a term of three years, the director elected from district number four shall serve a term of four years, the director elected from district number five shall serve a term of five years, and the director elected from district number six shall serve a term of six years; thereafter, the terms of all directors shall be six years. All directors shall serve until their successors are elected and qualified.
 "2. Candidates for director of the nursing home district shall be citizens of the United States, voters of the nursing home district who have resided within the state for one year next preceding the election and who are at least thirty years of age. All candidates shall file their declarations of candidacy with the county court calling the election."
Section 198.280, of House Bill 1208, Second Regular Session, 79th General Assembly, provides:
 "1. After the nursing home district has been declared organized, the declaring county court shall divide the district into six election districts as equal in population as possible, and shall by lot number the districts from one to six inclusive. The county court shall cause an election to be held in the nursing home district within ninety days after the order establishing the nursing home district to elect nursing home district directors. The election shall be called, held and conducted and notice shall be given as provided in sections 198.240 to 198.270, and each voter shall vote for the director from his district. The director elected from district number one shall serve a term of one year, the director elected from district number two shall serve a term of two years, the director elected from district number three shall serve a term of three years, the director elected from district number four shall serve a term of four years, the director elected from district number five shall serve a term of five years, and the director elected from district number six shall serve a term of six years; thereafter, the terms of all directors shall be six years. All directors shall serve until their successors are elected and qualified.
 "2. Candidates for director of the nursing home district shall be citizens of the United States, resident taxpayers of the nursing home district who have resided within the state for one year next preceding the election and who are at least thirty years of age. All candidates shall file their declarations of candidacy with the county court calling the election at least twenty days prior to the special election."
Both bills repealed Section 198.280, RSMo 1969, and both bills became effective August 13, 1978. You are aware, of course, that House Bill 971 was the general election revision bill which was intended to bring a large number of statutes into conformity with the general election laws of Missouri.
Section 198.280, as contained in House Bill 971, changed the 1969 laws in three ways. The provision in the 1979 laws that the election shall be called, held and conducted and notice shall be given, as provided in Sections 198.240 to 198.270, was deleted, although the provision that each voter vote for six directors, one from each district, was retained. The provision of subsection 2 of Section 198.280 RSMo 1969, which required that candidates be resident taxpayers of the nursing home district was deleted and amended in House Bill 971 to require that the candidates, in addition to the other requirements, be voters of the nursing home district. In addition, the final clause of subsection 2 of Section 198.280, RSMo 1969, was deleted omitting the requirement that the declaration of candidacy be filed with the county court calling the election at least twenty days prior to the special election although the first part of the last sentence was retained so that the provision remains that all candidates file their declaration of candidacy with the county court calling the election.
House Bill 1208 did not make any change in subsection 2 of Section 198.280, RSMo 1969, but did delete from subsection 1 of that section the provision that each voter vote for six directors, one from each district and inserted the provision that each voter shall vote for the director from his district.
Section 1.120, RSMo, provides:
 "The provisions of any law or statute which is reenacted, amended or revised, so far as they are the same as those of a prior law, shall be construed as a continuation of such law and not as a new enactment."
We note that the Supreme Court of Illinois in People ex rel.Brenza v. Fleetwood, 109 N.E.2d 741 (1952) stated at l.c. 751:
 "The mechanical approach which the objector here urges upon us — a reading of the two amendments to determine literal inconsistency, followed by an automatic enforcement of the one which was adopted last in point of time — has been rejected by this court. Where acts passed at the same session of the legislature contain conflicting provisions, we have held that the whole record of the legislation is open to examination in order to ascertain the legislative intent. And when the intent is ascertained, it is given effect, irrespective of priority of enactment."
We further note that the Supreme Court of Missouri in the case of State ex rel. Karbe v. Bader, 78 S.W.2d 835 (1934) stated at l.c. 839:
 "There was nothing in House Bill No. 44 in the nature of new legislation. Its sole object was to amend section 9952 (the effective law at the time House Bill No. 44 was introduced) in so far as it related to back tax attorneys in counties of a designated population. It seems obvious, and we hold that the nominal re-enactment of section 9952 by House Bill No. 44 was not intended to, nor did it have the effect of impliedly repealing or otherwise disturbing the Jones-Munger Act. . . ."
Therefore, utilizing what we believe to be the proper rule of construction to arrive at the legislative intent we conclude that both acts have to be read together and that in doing so the new provisions of both acts should be given effect and the old provisions which were merely reenactments of Section 198.280, RSMo 1969, should be disregarded to the extent that they conflict with such new provisions. In addition, where either law has deleted a provision which existed in Section 198.280, RSMo 1969, such deletion should be given effect even though such provision was reenacted in the other bill.
Thus, the provision of House Bill 1208 which purports to require that the election shall be called, held and conducted and notice given as provided in Sections 198.240 to 198.270 should not be given effect since such provision was contained in Section 198.280, RSMo 1969, and was deleted by House Bill 971.
The provision of Section 198.280 of House Bill 1208 providing that each voter shall vote for the director from his district is a new provision whereas the provision in House Bill 971 relating to such voters merely carried over the old provisions of Section198.280 which provided that each voter vote for six directors, one from each district. Accordingly, the new provision should be given effect, the old conflicting provision in House Bill 971 should be ignored and each voter should vote only for the director from his district.
Since subsection 2 of Section 198.280 of House Bill 1208 is a reenactment of subsection 2 of Section 198.280, RSMo 1969, such subsection should be ignored insofar as it concerns the requirement that candidates for directors be resident taxpayers of the district and that declarations of candidacy be filed at least twenty days prior to a special election and the new provisions in subsection 2 of Section 198.280, House Bill 971, are to be given effect. Therefore, in addition to other qualifications provided for in House Bill No. 971 candidates for director of nursing home districts must be voters of the nursing home district. The twenty day filing requirement and the requirement that voters be resident taxpayers of the nursing home district which are found under subsection 2 of such section in House Bill 1208 should be ignored.
CONCLUSION
It is the opinion of this office that each voter in a nursing home district election shall vote for the director from his district as provided in House Bill 1208, Second Regular Session, 79th General Assembly, and not for all six directors, as provided in House Bill 971, Second Regular Session, 79th General Assembly. Such bills should be merged to give effect to new provisions and the provisions of such bills which are reenactments which conflict with new matter will give way to such new matter. Where the legislature has deleted old provisions in one bill but has not done so in the other bill, such deletions should be given effect.
The foregoing opinion which I hereby approve was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General